UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNIE GARCIA, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>O. HERRERA, Officer, et. al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-00094-HBK (PC)<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THIS ACTION IS NOT BARRED BY THE STATUTE OF LIMITATIONS<br><br>APRIL 21, 2025 DEADLINE |

Pending before the Court for screening under 28 U.S.C. § 1915A is the pro se civil rights complaint filed under 42 U.S.C. § 1983 by Arnie Garcia—a state prisoner. (Doc. No. 9, "Complaint"). Plaintiff commenced this action by filing his Complaint on March 18, 2025.[1] (*See id.*). Plaintiff's claims are based on allegations that exclusively involve events that occurred on or about March 14, 2020.[2] (*Id*. at 5-7). Plaintiff's claims are subject to a four-year statute of limitations. The Court will afford Plaintiff an opportunity to show cause why the case should not be dismissed as time-barred since the statute of limitations ran on Plaintiff's claims before he

---

[1] On January 22, 2025, Plaintiff filed a complaint that was neither signed nor dated. (Doc. No. 1 at 11-12). The Court issued an order striking this complaint for failure to comply with Federal Rule 11 of Civil Procedure on February 25, 2025. (Doc. No. 8).

[2] Other than the date of the alleged incident, a follow-up medical assessment occurred on April 9, 2021, at which Plaintiff's injuries were documented more thoroughly, which Plaintiff contends confirms that the use of force was excessive. (Doc. No. 9 at 7). Absent further factual allegations, the April 9, 2021 date and accompanying facts fail to support that the statute of limitations began after March 14, 2020. *See Calvin v. Elfo*, No. C13-0859-MJP, 2014 WL 793442, at *3 (W.D. Wash. Feb. 25, 2014) (explaining that the statute of limitations begins to run when the plaintiffs know or should have known that they had suffered the injury that forms the basis of their complaint), *aff'd*, 594 F. App'x 330 (9th Cir. 2015).

commenced this action before recommending dismissal of this action.

## APPLICABLE LAW

For § 1983 actions, the statute of limitations is dictated "by the forum state's statute of limitations for personal injury actions," which is two years in California. *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1. California Code of Civil Procedure § 352.1(a) provides an additional two years for those imprisoned "for a term less than for life" when the cause of action accrues. This limitations period is tolled while an inmate exhausts administrative remedies. *Gilmore v. Silva*, 812 F. App'x 689, 690 (9th Cir. 2020).

If a complaint is untimely, it may still proceed if subject to equitable tolling. *Fink v. Shedler*, 192 F.3d 911, 916–17 (9th Cir.1999). For equitable tolling to apply, plaintiff must "show three elements: timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff." *Neil through Cyprian v. Park*, 833 F. App'x 689, 690 (9th Cir. 2021) (internal quotations omitted).

## ANALYSIS

Plaintiff's Complaint alleges excessive force, deliberate indifference to his medical needs, and due process violations. (*See generally* Doc. No. 9). The events underpinning each of these claims occurred on March 14, 2020. (*Id.* at 5-7).

Per the State of California's inmate locator, Plaintiff is currently serving an indeterminate sentence and is eligible for parole in August 2025.[3] Because Plaintiff is not serving a life sentence, his claims are subject to the four-year limitations period and should have been brought in March 2024 at the latest. The claims were instead brought in March 2025, and thus appear to be time-barred.

The Court will provide Plaintiff an opportunity to show cause why this matter should not be dismissed as untimely. Specifically, Plaintiff should address whether his Complaint was timely filed, and if not, whether equitable tolling applies to allow this action to continue.

---

[3] CDCR California Incarcerated Records and Information Search (CIRIS), https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=BF2255 (last visited Mar. 19, 2025).

Alternatively, Plaintiff may file a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) if Plaintiff concedes the action is time barred and he wishes to avoid a strike.[4]

Accordingly, it is ORDERED:

1. **No later than April 21, 2025**, Plaintiff shall deliver to correctional officials for mailing his response to this Show Cause Order and explain why this case should not be dismissed as barred by the applicable statute of limitations.
2. Alternatively, by the same date, Plaintiff may deliver a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) that is dated and signed seeking voluntary dismissal of this action.
3. If Plaintiff fails to timely respond to this show cause order, the undersigned will recommend the district court dismiss this action as time barred.

Dated:    March 19, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[4] Under § 1915(g), a prisoner who has repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal qualifies as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. The filing of a complaint that is barred by the statute of limitations qualifies as a strike. *See Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015).

3