1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ARNIE GARCIA, JR.,                    Case No.   1: 25-cv-00094-HBK (PC)

12              Plaintiff,                   ORDER TO ASSIGN A DISTRICT JUDGE

13         v.                               FINDINGS AND RECOMMENDATION TO
                                            DISMISS ACTION FOR FAILURE TO OBEY
14    O. HERRERA, Officer, et. al.,         COURT ORDER AND PROSECUTE
                                            AND/OR FAILURE TO COMPLY WITH THE
15              Defendants.                 STATUTE OF LIMITATIONS

16                                          14-DAY DEADLINE

17

18         Plaintiff, Arnie Garcia Jr., is a state prisoner proceeding pro se in this civil action.  For the

19    reasons set forth below, the undersigned recommends the district court dismiss this action without

20    prejudice for Plaintiff's failure to comply with court orders and prosecute this action and/or

21    because the action is time barred.

22                                    **BACKGROUND**

23         On March 18, 2025, Plaintiff filed his Complaint under 42 U.S.C. § 1983.[1]  (Doc. No. 9,

24    "Complaint").  Upon review of the Complaint, the undersigned determined it appeared that

25    Plaintiff's allegations exclusively involve events that occurred on or about March 14, 2020, which

26

27    _____
      [1] On January 22, 2025, Plaintiff filed a complaint that was neither signed nor dated.  (Doc. No. 1 at 11-12).
      The Court issued an order striking this complaint for failure to comply with Federal Rule 11 of Civil
28    Procedure on February 25, 2025.  (Doc. No. 8).

                                            1

1  are governed—and time-barred—by California's statute of limitations.  Consequently, on March

2  20, 2025, the undersigned issued an Order directing Plaintiff to show cause, no later than April

3  21, 2025, why the Court should not dismiss this action as time-barred, or address whether

4  equitable tolling applies to this action.  (Doc. No. 11 at 2).  Alternatively, the Court afforded

5  Plaintiff the opportunity to voluntarily dismiss his action without prejudice under Federal Rule of

6  Civil Procedure 41 to avoid a strike under 28 U.S.C. § 1915(g).  (*Id.* at 3).  The Court warned

7  Plaintiff that if he failed to timely respond to the show cause order, the undersigned would

8  recommend the district court dismiss this action as a sanction and for failing to prosecute the

9  action and/or as time barred.  (*Id.* at 3, ¶3).  As of the date of these Findings and

10  Recommendation, Plaintiff has not responded to the show cause order nor sought an extension of

11  time within which to respond.[2]

12  **APPLICABLE LAW AND ANALYSIS**

13  **A.  Dismissal Under Local Rule 110 and Federal Rule 41(b)**

14  This Court's Local Rules "[f]ailure of counsel or of a party to comply with . . . any order

15  of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within

16  the inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power to

17  control their dockets" and, in exercising that power, may impose sanctions, including dismissal of

18  an action.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

19  A court may dismiss an action based on a party's failure to prosecute an action, obey a court

20  order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

21  1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S.

22  Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court

23  order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

24  prosecute and to comply with local rules).  Here, Plaintiff was appraised that the Court would

25  recommend dismissal as a sanction for failing to comply with a Court order.  Thus, the Court may

26

27  [2] The show cause order directed Plaintiff to deliver his response to the show cause order to correctional
officials for mailing no later than April 21, 2025.  The Court waited fifteen (15) days to account for any
28  delays in mailing before issuing these Findings and Recommendations.

dismiss this case pursuant to Local Rule 110.

Alternatively, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  In determining whether to dismiss an action under Rule 41(b), the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).  After considering each of these factors, the undersigned concludes dismissal without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated.  This Court has one of the heaviest caseloads in the nation, and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated under a declared judicial emergency through May 2, 2021.  *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020).  This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale, or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action.  *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

1    the third factor weighs in favor of dismissal.

2        The fourth factor usually weighs against dismissal because public policy favors the

3    disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

4    However, "this factor lends little support to a party whose responsibility it is to move a case

5    toward disposition on the merits but whose conduct impedes progress in that direction," which is

6    the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,

7    1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on

8    multiple failures by aspiring litigants to follow the rules and requirements of our courts."

9    *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary

10    dismissal with prejudice of habeas petition where petitioner failed to timely respond to court

11    order and noting "the weight of the docket-managing factor depends upon the size and load of the

12    docket, and those in the best position to know what that is are our beleaguered trial judges.").

13    Further, as noted in the show cause order, Plaintiff's claims appear to be time barred so this factor

14    does not weigh in Plaintiff's benefit.

15        Finally, the Court's warning to a party that failure to obey the court's order will result in

16    dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

17    *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. As noted, the Court's March 20, 2025

18    Order directing Plaintiff to respond to the show cause order, expressly warned Plaintiff that his

19    failure to timely comply would result in a recommendation of dismissal of this action for his

20    failure to timely respond to this show cause order. (*See* Doc. No. 11 at 3, ¶ 3). Thus, Plaintiff

21    had adequate warnings that dismissal could result from his noncompliance. And the instant

22    dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with

23    prejudice, thereby addressing the fifth factor. After considering the factors set forth *supra* and

24    binding case law, in the alternative, the undersigned recommends dismissal, without prejudice,

25    under Fed. R. Civ. P. 41 and Local Rule 110.

26        **B. Statute of Limitations**

27        For § 1983 actions, the statute of limitations is dictated "by the forum state's statute of

28    limitations for personal injury actions," which is two years in California. *Whiting v. City of*

4

1   *Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1. California

2   Code of Civil Procedure § 352.1(a) provides an additional two years for those imprisoned "for a

3   term less than for life" when the cause of action accrues. This limitations period is tolled while

4   an inmate exhausts administrative remedies. *Gilmore v. Silva*, 812 F. App'x 689, 690 (9th Cir.

5   2020). If a complaint is untimely, it may still proceed if subject to equitable tolling. *Fink v.

6   Shedler*, 192 F.3d 911, 916–17 (9th Cir.1999). For equitable tolling to apply, plaintiff must

7   "show three elements: timely notice to the defendant, lack of prejudice to the defendant, and

8   reasonable and good faith conduct by the plaintiff." *Neil through Cyprian v. Park*, 833 F. App'x

9   689, 690 (9th Cir. 2021) (internal quotations omitted).

10          Plaintiff's Complaint alleges excessive force, deliberate indifference to his medical needs,

11  and due process violations. (*See generally* Doc. No. 9). The events underpinning these claims

12  occurred on March 14, 2020.[3] (*Id.* at 5-7). Per the State of California's inmate locator, Plaintiff

13  is currently serving a sentence and is eligible for parole in August 2025.[4] Because plaintiff is not

14  serving a life sentence, his claims are subject to the four-year limitations period and should have

15  been brought in March 2024 at the latest. The claims were instead brought in March 2025, and

16  thus appear to be time-barred.

17          Accordingly, it is hereby **ORDERED**:

18     1.  The Clerk of Court shall randomly assign this case to a district judge for consideration

19          of these Findings and Recommendation.

20          It is further **RECOMMENDED**:

21     1.  This complaint be DISMISSED without prejudice for Plaintiff's failure to obey a court

22          order and failure to prosecute this action; and/or be dismissed with prejudice as time

---

[3] Other than the date of the alleged incident, a follow-up medical assessment occurred on April 9, 2021, at which Plaintiff's injuries were documented more thoroughly, which Plaintiff contends confirms that the use of force was excessive. (Doc. No. 9 at 7). Absent further factual allegations, the April 9, 2021 date and accompanying facts fail to support that the statute of limitations began after March 14, 2020. *See Calvin v. Elfo*, No. C13-0859-MJP, 2014 WL 793442, at *3 (W.D. Wash. Feb. 25, 2014) (explaining that the statute of limitations begins to run when the plaintiffs know or should have known that they had suffered the injury that forms the basis of their complaint), *aff'd*, 594 F. App'x 330 (9th Cir. 2015).
[4] CDCR California Incarcerated Records and Information Search (CIRIS), https://ciris.mt.cdcr.ca.gov/details?cdcrNumber=BF2255 (last visited May 5, 2025).

1    barred.

2        2.  The Clerk of Court be directed to CLOSE this case.

3    **<u>NOTICE TO PARTIES</u>**

4          These findings and recommendations will be submitted to the United States district judge

5    assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

6    days after being served with these findings and recommendations, a party may file written

7    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

8    Findings and Recommendations."  Parties are advised that failure to file objections within the

9    specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

10    838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

11

12    Dated:    <u>May 6, 2025</u>

13    HELENA M. BARCH-KUCHTA
      UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6