1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ARNIE GARCIA, JR.,                        Case No.  1:25-cv-00094-JLT-HBK (PC)

12              Plaintiff,                        ORDER TO SHOW CAUSE

13         v.                                     AUGUST 8, 2025, DEADLINE

14    O. HERRERA, et al.,

15              Defendants.

16

17         Plaintiff Arnie Garcia, Jr., a state prisoner, is proceeding on his pro se civil rights

18    complaint filed under 42 U.S.C. § 1983.  (Doc. No. 9) filed March 18, 2025.  On May 19, 2025,

19    the undersigned screened Plaintiff's Complaint and found it stated Eighth Amendment excessive

20    force claims against Defendants O. Herrera and J. Gallardo and an Eighth Amendment failure to

21    intervene claim against Defendant Valencia but fails to state any other cognizable claims.  (Doc.

22    No. 16).  Plaintiff was given three options to exercise **no later than June 18, 2025**: (1) file a First

23    Amended Complaint;  (2) file a notice that he intends to stand on the Complaint as screened and

24    proceed only on those claims the Court deems cognizable in the May 19, 2025 Screening Order;

25    or (3) file a Notice stating he intends to stand on his Complaint subject to the undersigned

26    recommending the district court dismiss certain claims and Defendants for the reasons stated in

27    the May 19, 2025 Order.  (*Id*. at 14-15).  The Court expressly warned Plaintiff that if he "fails to

28    timely respond to this Court Order or seek an extension of time to comply" the undersigned "will

recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and prosecute this action." (*Id*. at 15, ¶2). The time period has well expired and Plaintiff has not elected any of the three options or otherwise moved for an extension of time. (*See generally* docket).

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

Accordingly, it is hereby **ORDERED**:

**No later than August 8, 2025**, Plaintiff shall comply with the Court's May 19, 2025 Order, or show cause why the Court should not recommend that this case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or his failure to timely comply with the Court's May 19, 2025 Order.[1]

Dated:   July 24, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Plaintiff previously failed to timely comply with another Court order requiring the Court to recall its Findings and Recommendations to dismiss for Plaintiff's failure to prosecute. (See Doc. Nos. 11, 13, 15).

2