UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNIE GARCIA, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O. HERRERA, Officer, et. al.,<br><br>　　　　　Defendants. | Case No.　1: 25-cv-00094-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE<br><br>FOURTEEN DAY DEADLINE |

Plaintiff, Arnie Garcia Jr., is a state prisoner proceeding pro se and *in forma pauperis* in this civil action. For the reasons set forth below, the undersigned recommends the district court dismiss this action without prejudice for Plaintiff's failure to comply with court orders and to prosecute this action.

**BACKGROUND**

On March 18, 2025, Plaintiff filed his Complaint under 42 U.S.C. § 1983.[1] (Doc. No. 9, "Complaint"). Pursuant to 28 U.S.C. § 1915A, the undersigned screened the Complaint and determined that it sufficiently stated an Eighth Amendment excessive force claim against Defendants O. Herrera and J. Gallardo and an Eighth Amendment failure to intervene claim

---

[1] On January 22, 2025, Plaintiff filed a complaint that was neither signed nor dated. (Doc. No. 1 at 11-12). The Court struck the unsigned complaint consistent with Federal Rule 11 of Civil Procedure on February 25, 2025. (Doc. No. 8).

1

1  against Defendant Valencia but stated no other claim.  (Doc. No. 16, "Screening Order").  To
2  continue the prosecution of this action, the Court directed Plaintiff to either file a first amended
3  complaint, stand on his complaint as screened and voluntarily dismiss claims and defendants not
4  deemed not cognizable, or file a notice to stand on his complaint no later than  June 18, 2025.
5  (*Id*. 13-15).  The Court warned Plaintiff that, if he failed to timely comply with the order or seek
6  an extension of time to comply, the undersigned would recommend the district court dismiss this
7  action as a sanction and for failing to comply with the court order and prosecute this action. . (*Id*.
8  at 15, ¶ 2).

After Plaintiff failed to timely comply with the Screening Order, the Court issued an Order to Show Cause on July 24, 2025.  (Doc. No. 17).  The Court noted Plaintiff had failed to respond to the Screening Order and further warned Plaintiff that Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order.  (*Id*. at 2).  The Court directed Plaintiff to show cause no later than August 8, 2025 why the Court should not recommend that this case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or his failure to timely comply with the Court's May 19, 2025 Order.  (*Id*.).

As of the date of these Findings and Recommendation, Plaintiff has not responded to the Screening Order or the Order the Show Cause and the time to do so has long expired.[2]

**APPLICABLE LAW AND ANALYSIS**

**A.**  Dismissal Under Local Rule 110 and Federal Rule 41(b)

This Court's Local Rules  provides that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829,

---

[2] More than 45 days has elapsed from the deadline for Plaintiff to respond to the Order to Show Cause.  Indeed, as noted in the Order to Show Cause Plaintiff failed to timely comply with another Court order requiring the Court to previously recall its earlier Findings and Recommendations to dismiss for Plaintiff's failure to prosecute. (*See* Doc. Nos. 11, 13, 15).

1  831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an
2  action, obey a court order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d
3  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a
4  complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for
5  failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
6  (dismissal for failure to prosecute and to comply with local rules).

7  Additionally, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily
8  dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules
9  or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913
10 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  In determining whether to dismiss an action
11 under Rule 41(b), the Court must consider several factors: (1) the public's interest in expeditious
12 resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the
13 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
14 availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d
15 1439, 1440 (9th Cir. 1988).

16         B.  Discussion

17 Considering Local Rule 110, the court appraised Plaintiff both in its Screening Order and
18 its
19 Order to Show Cause that the Court would recommend dismissal as a sanction for failing
20 to comply with a Court order.  (*See* Docs. No.  16 at15, ¶2 and Doc. No. 17 at 2).  Thus, the Court
21 may dismiss this case pursuant to Local Rule 110.

22 With regards to the factors under Rule 41, the undersigned concludes dismissal without
23 prejudice is also warranted in this case.  As to the first factor, the expeditious resolution of
24 litigation is deemed to be in the public interest.  *Yourish v. California Amplifier*, 191 F.3d 983,
25 990-91 (9th Cir. 1999).

26 Turning to the second factor, this Court's need to efficiently manage its docket cannot be
27 overstated.  This Court has one of the heaviest caseloads in the nation, and due to the delay in
28 filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated

under a declared judicial emergency through May 2, 2021. *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020). This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale, or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. As noted *supra*, both the Court's Screening Order and its Order to Show Cause expressly warned Plaintiff that his failure to timely

comply would both Orders would result in a recommendation of dismissal of this action. Thus, Plaintiff had adequate warnings that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

Accordingly, it is **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to prosecute this case and/or obey a court order.

Dated:   September 24, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5