**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARNIE GARCIA, JR., <br><br> Plaintiff, <br><br> v. <br><br> O. HERRERA, Officer, et al., <br><br> Defendants. | Case No. 1:25-cv-00094 JLT HBK (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS <br><br> (Doc. 17) |

Arnie Garcia Jr., a state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Doc. 9.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge issued a screening order on Plaintiff's Complaint, finding that the Complaint stated an Eighth Amendment excessive force claim against Defendants O. Herrera and J. Gallardo and an Eighth Amendment failure to intervene claim against Defendant Valencia, but failed to state any other cognizable claims. (*See generally* Doc. 16.) The magistrate judge afforded Plaintiff the option to either (1) file an amended complaint, (2) file a notice to stand on his complaint as screened and proceed only on the cognizable claims identified in the screening order, or (3) file a notice to stand on the complaint subject to the magistrate judge recommending the district court dismiss claims for the reasons in the screening order. (*Id.* at 13-15.)

After Plaintiff failed to timely respond to the May 19, 2025 Order, on September 24, 2025, the magistrate judge issued Findings and Recommendations to dismiss Plaintiff's Complaint for failure to prosecute and comply with a Court order. (Doc. 18.) On September 30, 2025, the Court notified the parties that objections were to be filed within 14 days. (Doc. 19.) The Court also served the Findings and Recommendations and the notification on Plaintiff at his address of record.[1] (*See* docket). In doing so, the Court informed Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*) (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014), *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)

On October 21, 2025, the postal service returned the Findings and Recommendations sent to Plaintiff as "Undeliverable, Inmate Discharged/Inactive," and on November 3, 2025, the USPS returned the notice as "Undeliverable, Inmate Discharged, Inactive." (*See* docket.) Plaintiff was required to provide an updated address within 30 days per Local Rule 183(b). To date, Plaintiff has failed to update his address and has failed to respond to the September 24, 2025 Findings and Recommendations, and the time to do so has expired.

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a de novo review of this case. Having carefully reviewed the entire file, the court concludes that the findings and recommendation are supported by the record and proper analysis.

Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on September 24, 2025 (Doc. 18) are **ADOPTED** in full.
2. This action is dismissed without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 4, 2025**

UNITED STATES DISTRICT JUDGE

---

[1] Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective. Local Rule 182(f).

2